UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 06-352

BRIAN MASSEY                            SECTION: R(3)

**ORDER AND REASONS**

Before the Court is Brian Massey's motion to vacate his sentence under 28 U.S.C. § 2255. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, the Court DENIES the motion.

**I.   BACKGROUND**

On December 7, 2006, the government issued an indictment charging the defendant, Brian Massey, and his co-defendant, Shauna Hamilton, with eight counts of violations of the Federal Firearms Act and the Federal Controlled Substances Act.[1] Count One charged the defendants with conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, "crack," a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. Counts Two, Three, Four, and Six charged Massey with intentional distribution of cocaine base on four different

---

[1]   R. Doc. 1.

dates, all in violation of 21 U.S.C. § 841.[2] Counts Five and Seven charged Massey with possession of a firearm in furtherance of a drug trafficking crime.[3] Count Eight charged Massey and Hamilton with possessing with the intent to distribute 60 grams or more of cocaine base.

On March 10, 2008, the government filed a bill of information to establish Massey's prior state court conviction for possession of crack cocaine.[4] On March 11, 2008, Hamilton pleaded guilty to Count One of a superseding bill of information.[5] On March 13, 2008, the government filed a superseding indictment. The superseding indictment charged Massey with the eight counts of the original indictment and added Count Nine, charging Massey with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1)

---

[2] Counts Two and Three charged Massey with knowingly and intentionally distributing 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Four charged Massey with intentional distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

[3] Count Five charged Massey with knowingly possessing a firearm in furtherance of a drug trafficking crime as alleged in Count Four, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Count Seven charged Massey with knowingly possessing a firearm in furtherance of a drug trafficking crime as alleged in Count Six, also in violation of 18 U.S.C. § 924(c)(1)(A)(i).

[4] R. Doc. 65.

[5] *See* R. Docs. 66, 68.

and 924(a)(2).[6]

Massey pleaded not guilty.  He filed several pretrial motions, including a motion to quash Counts Five and Seven of the superseding indictment, which argued that Count Seven was duplicitous of Count Five.[7]  The Court denied the motion because "the firearm charges in Counts Five and Seven are linked to two separate predicate offenses."[8]  On April 30, 2008, a jury convicted Massey of all nine counts of the superseding indictment.[9]

Massey once again challenged the legal sufficiency of Count Seven at sentencing.  The Court stated that it "already rejected that argument in its pretrial ruling on [Massey's] motion to quash, and the defendant has given the Court no reason why it should revisit that."[10]  The Court sentenced Massey to a mandatory minimum of 240 months on Counts One and Eight; 168 months as to Counts Two, Three, Four, and Six; and 120 months as to Count Nine; all to run concurrently.[11]  The Court also sentenced Massey to a term of imprisonment of 60 months as to

---

[6] R. Doc. 75.

[7] R. Doc. 105.

[8] R. Doc. 111.

[9] R. Doc. 117.

[10] R. Doc. 195 at 10.

[11] *Id.* at 19.

3

Count Five and a term of 300 months as to Count Seven, such terms to run consecutively to each other and consecutively to all other counts.

**II. LEGAL STANDARD**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, *see* 28 U.S.C. §§ 2241, 2254, only a narrow set of claims is cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion. "If it plainly appears from the

motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." *Rules Governing Section 2255 Proceedings*, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings*, Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See*

*Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir. 2003). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**III. DISCUSSION**

In his Section 2255 motion, Massey asserts two bases for relief. First, Massey argues that Counts Five and Seven of the superseding indictment are multiplicitous because all firearm counts "are based on the same conduct, gun and drugs during a drug transaction."[12] Second, Massey argues that the weapon in question was "merely present" at the scene and not used in furtherance of the drug trafficking offense, citing *United States v. Ceballos-Torres*, 218 F.3d 409, 410 (5th Cir. 2000).

---

[12] R. Doc. 200-1 at 10.

**A.   Timeliness**

Section 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or;
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Massey's conviction became final 90 days after the Fifth Circuit affirmed his conviction on December 8, 2010, when the time for seeking *certiorari* in the United States Supreme Court expired.  *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000).  This Court received Massey's motion for relief on February 2, 2012, which was within the one-year limitation period.  Massey therefore timely filed his section 2255 motion.

7

**B.    Procedural Bar**

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996)(quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)(per curiam)). Aside from ineffective assistance of counsel, *see Massaro v. United States*, 538 U.S. 500 (2003), a petitioner may not raise an issue for the first time on collateral review without showing both "cause" for his default and "prejudice attributed thereto," or without demonstrating that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

Here, Massey raised several claims of error in his direct appeal, namely, the introduction of hearsay statements, a challenge to the sufficiency of the evidence, and the failure of the Court to depart downwardly. The Fifth Circuit rejected all of these claims and affirmed the Court's judgment.[13] Massey did not claim either that the firearm counts were multiplicitous or that the firearm was merely present during the commission of his

---

[13]    R. Doc. 198.

offense - nor does he now explain his failure to raise these claims on direct appeal. Massey merely asks the Court to review his current claims "in the interest of justice,"[14] which is insufficient to establish cause. *See United States v. Robinson*, 323 Fed. Appx. 340, 342 (5th Cir. 2009)("To show cause for a procedural default, a movant must show that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances.")(citing *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996))(internal quotations omitted). Because Massey did not raise either issue on direct appeal and has not established cause for this default, his current claims are procedurally barred. Furthermore, Massey fails to demonstrate that the failure to review these claims would result in a fundamental miscarriage of justice. *See Frady*, 456 U.S. at 172.

**C. Certificate of Appealability**

The Rules Governing Section 2255 Proceedings provide that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." *Rules Governing Section 2255 Proceedings*, Rule 11(a). A

---

[14] R. Doc. 206 at 2.

court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  *Id.* at 336.  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Massey's motion does not satisfy these standards.  He has identified no plausible grounds for his claim relating to the firearms counts.  Reasonable jurists would not find his arguments to be fertile grounds for debate.

**III. CONCLUSION**

For the foregoing reasons, Massey's motion is DISMISSED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this **6th** day of July, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE